GEORGE HOLMES et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— Action to recover damages for personal injuries and property damage sustained when a tractor and trailer, owned by plaintiff Herrmann and driven by plaintiff Holmes, were struck by one of defendant's locomotives. Judgment in favor of plaintiffs, and order denying defendant's motion for a directed verdict, and to set aside the verdict of the jury and for a new trial, affirmed, with costs. No opinion. Lewis, P. J., Adel, Aldrich and Nolan, JJ., concur; Hagarty, J., dissents and votes to reverse the judgment on the law, to dismiss the complaint on the law, and to dismiss the appeal from the order, with the following memorandum: The accident occurred at about 4:30 o'clock on the afternoon of Friday, August 20, 1943, on defendant's right of way at Bethpage, east of Hicksville, on Long Island, at a point where the Oyster Bay Road crosses the defendant's railroad tracks. The Oyster Bay Road, a concrete highway containing four lanes, runs north and south and is crossed by the railroad, running approximately east and west. Plaintiff Holmes, an employee of the plaintiff Herrmann, was driving a tractor fifteen feet long attached to which was a trailer twenty feet long, making thirty-five feet in all. Both were owned by the plaintiff Herrmann and contained merchandise which was being delivered by Holmes. Holmes, having made a delivery to an airplane plant on the north of the tracks, was on his way to make a further delivery to another part of the same plant, the entrance to which was immediately south of the tracks on the east side of the road. Traffic, consisting of the tractor and trailer driven by Holmes on the north side of the railroad, straddling the middle line of the four lanes, and four automobiles in a line on the south side of the railroad, in the most easterly of the northbound lanes, was halted by a switching operation at the crossing. When the tracks were cleared, all traffic proceeded, with Holmes slanting toward the four northbound cars, on the east side of the road. He testified that when he reached a point ten feet beyond the railroad, " As I was making the turn the front end of my tractor just about reached the first lane of the northbound traffic, that is the extreme right lane of the northbound traffic * * *." The first of the four automobiles went to the right of the tractor, the second went to the left of the tractor and continued across the track, and the third stopped in front of it. The fourth automobile backed up some twenty-five feet and halted behind the third automobile which was then between the tractor and the entrance to the plant. The third automobile then backed up and made a U-turn to go in the opposite or south-

erly direction. The extreme end of the trailer, overlapping the tracks, was struck by an eastbound train after Holmes had proceeded with his turn and had gone about four feet. The proof is clear that Holmes' predicament was created by his own negligence in proceeding on the wrong side of the road and becoming involved in the northbound traffic, which had the right of way over him, with his trailer at a standstill on the railroad track. In my opinion, he was guilty of contributory negligence as a matter of law.